IN THE MATTER OF THE APPLICATION OF WILLIAM K.
LODGE TO THE NEW JERSEY STATE EMPLOYEES'
AWARDS COMMITTEE.

Superior Court of New Jersey
Appellate Division

Submitted December 20, 1977—Decided January 17, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*William K. Lodge, pro se,* appellant.

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Henry D. Blinder,* Deputy Attorney General, on the brief).

PER CURIAM. This is an appeal from a determination of the New Jersey State Employees' Awards Committee acting under the authority of *N. J. S. A.* 11:2C–1 *et seq.* The committee denied an award to William K. Lodge for his suggestion that all state vehicles be limited to a 50-mile an hour speed, on the ground that the suggestion did not contribute to the subsequent adoption of the Governor's executive order limiting the speed of state vehicles.

Appellant makes the following arguments as framed in his brief:

1. The decision of the New Jersey State Employees' Awards Committee cannot be supported by the evidence.
2. A requirement that a causal relationship between the suggestion and implementation should not be a *sine qua non* for an award under *N. J. S. A.* 11:2C–1.
3. The Awards Committee as an administrative agency, is obliged to promulgate its rules and regulations prospectively.
4. Promulgation of a retroactive rule or regulation specifically to deny an award is such an arbitrary, unreasonable and capricious action, reversal is required.
5. The New Jersey State Employees' Awards Committee committed reversible error by adjudicating the issue based, in part, on evidence unknown to the applicant.

We have carefully reviewed the record and are persuaded that the determination of the committee should be affirmed.

At the time appellant submitted his suggestion in May 1973, subpart 22–1.101c of the *Civil Service Personnel Manual* provided in pertinent part that "an award for a suggestion shall be made to any eligible employee whose constructive proposal has been implemented or ordered implemented by competent authority * * *."

■ We do not think it an unreasonable construction to interpret the above-quoted language as requiring an element of causality. The interpretation of the agency charged with the administration of the program is entitled to great weight. *Pringle v. N. J. Dept. of Civil Service,* 45 *N. J.* 329, 332–333 (1965); *In re Tomarchio,* 148 *N. J. Super.* 99 (App. Div. 1977).

■■ Appellant has not demonstrated by reference to any material in the record that his suggestion was in any way responsible for the adoption of the executive order. In fact, the record supports the contrary conclusion reached by the committee. In our view the conclusion of the committee could reasonably have been reached on the basis of the evidence in the record. *Jackson v. Concord Co.,* 54 *N. J.* 113, 117–118 (1969). In view of the broad grant of discretion given to the Awards Committee by the statute, *N. J. S. A.* 11:2C–6, 11:2C–7 and 11:2C–8, we are not disposed to disturb a determination of the committee except upon a clear showing of an abuse of discretion. See *Shaller v. United States,* 202 *Ct. Cl.* 571 (1973), *cert.* den. 414 *U. S.* 1092, 94 *S. Ct.* 723, 38 *L. Ed.* 2d 549 (1973).

We find appellant's contentions to be clearly without merit. *R.* 2:11–3(e)(1).

Affirmed.